## BRECKENRIDGE v. ADOLAR REALTY CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9299. Decided Nov. 12, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**DEBTOR AND CREDITOR—Real Estate**

(510 Lb1)

(210 A)　Tendering of check for less than amount due, together with letter containing proposition for acceptance of such check in full settlement, does not amount to accord and satisfaction, notwithstanding check is not returned immediately.

White, Cannon & Spieth, Cleveland, for Breckenridge.

J. H. Reed, Cleveland, for Realty Co.

HISTORY:—Action in Municipal Court by Realty Company against Breckenridge to collect rent. Judgment for Realty Co. Breckenridge brings error. Judgment affirmed. No action in Supreme Court prior to publication date.

### STATEMENT OF FACTS.

In the court below the defendant in error, as plaintiff, brought an action against the plaintiff in error, who was then defendant, on two separate causes of action for two separate months' rent for property that had been leased by the plaintiff below to the defendant below. The court below found in favor of the defendant upon the second cause of action, but rendered a judgment in favor of the plaintiff below on the first cause of action for one month's rent, and it is to reverse that judgment that error is prosecuted here. No cross-petition alleging error for finding for the defendant below on the second cause of action was prosecuted to this court, so the second cause of action is not before this court.

It seems that the plaintiff was the landlord and the defendant below was a tenant and they

entered into a contract of lease for a certain period of time, whereby the defendant was to become a tenant and did become a tenant of the plaintiff below for the duration of this lease. It was entered into first verbally under certain stipulations. Subsequently these stipulations were reduced to writing.

It seems that the defendant below wanted certain repairs done on the inside of the house and wanted the landlord to paint the outside of the house. The tenant agreed to put the repairs like re-papering, and so forth, in the house at his own expense, and the landlord was to furnish a radiant heater and, as already stated, to paint the outside of the house. The radiant heater was furnished and the tenant placed it in position and the tenant occupied the house. The landlord did not re-paint the house or had not gotten around to it yet when, apparently, the tenant having occasion to move out of town, wanted to get out of the lease and some talk was had between the parties in which the landlord said he wanted to be fair, but without any agreement of any kind being entered into, the tenant moved out and deducted from the month's rent which was One Hundred and Ten Dollars the amount that he had paid in re-papering the house and sent a check for some Twenty-Seven Dollars and a letter which was received by the landlord, but the check never was cashed and shortly thereafter, within fourteen or fifteen days, an action was brought against the tenant for the rent as set out above.

VICKERY, J.

Now the only defense that is set up by the tenant was that this transaction amounted to an accord and satisfaction; that when the landlord did not return the check immediately, although there was no agreement relative to it in any way before, although he did not use the check in any way, that it amounted to an acceptance of the proposition and he cites some authority to sustain his contention. We do not think the cases cited are in point;. that there was no dispute over any account in this case; there was no unliquidated account; the tenant simply wanted to move out of the place and he moved out and wrote a letter, sent a check which seemed to him to settle the whole controversy. Inasmuch as this was never accepted nor was there even any agreement to accept it, we do not see how there could be an accord and satisfaction. We think the court below committed no error and the judgment was sustained by sufficient evidence. There being no error in the record, the judgment will be affirmed.

(Sullivan, P.J., and Levine, J., concur.)